# THE UNITED STATES DISRTICT COURT
## FOR THE DISTRICT OF MARYLAND

STARSHA M. SEWELL )
A Nautral Person and Resident of Maryland )
On Behalf of Herself and Her African Americans Son's )
)
Plaintiff, )
) Civil Action No:
VS. )
)
Deborah K. Chasanow, )
)
Defendant. )
A Nautral Person, acting as a Federal Judge )
In the United States Of America )
6500 Cherrywood Lane )
Greenbelt, MD 20770

FILED ___ ENTERED
LODGED ___ RECEIVED

SEP 2 1 2016

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

**COMPLAINT OF RAKETEERING & MISPRISION TREASON AGAINST THE UNITED STATES OF AMERICA UNDER THE RICO ACT & USE OF PRESTIGE OF POSITION TO CONSPIRE AGAINST THE UNITED STATES OF AMERICA TO ADVANCE THE INTEREST OF FORCLOSURE MILLS TOM DORE, ET.AL., AND TO ENGAGE IN RACE BASED HATE CRIMES AND CIVIL RIGHTS DEPRIVATIONS OF THE PLAINTIFF AND HER MINOR CHILDREN IN VIOLATION OF 18 USC 242, 42 USC 1983 AND THE EQUAL PROTECTION UNDER THE LAW CLAUSE OF THE 14TH AMENDMENT; JUDGE CHASNOW WILLFULLY VIOLATED THE HONORABLE JUDGE MOTZ REMAND ORDER TO THE COURT OF SPECIAL APPEALS; WHICH WAS AFFIRMED BY THE FOURTH CIRCUIT AND CONSPIRED WITH JUDGE JOHN PAUL DAVEY UPON ENABLING HIS UNLAWFUL KIDNAPING OF MY CHILDREN ON JULY 14, 2014 AS HE AND SHE BOTH LACKED JURISDICTION TO DECIDE A MATTER THAT WAS PENDING BEFORE THE FOURTH CIRCUIT AND WAS AFFIRMED TO THE COURT OF SPECIAL APPEALS BY THE FOURTH CIRCUIT**

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 USC 1331, as a civil action brought by a United States Citizen.
2. This Court also has subject matter jurisdiction over this action pursuant to 28 USC 1605 (general exceptions to jurisdictional immunity).
3. Jurisdiction is also proper under Bivens v. Six Unknown Named Agents, 403 US 388 (1971), in so far as the actions of Judge Chasanow violate the 1st, 4th and 14 amendments to the US Constitution
4. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.
5. This court also has supplemental jurisdiction over this action pursuant to 28 usc 1367
6. Venue is proper in this district pursuant to 18 UCS 2334 (a) and 28 ISC 1391 (b) and 1391 (d) because harm from the conspiracy and the Plaintiff was arrested by the Prince George's county police Department who violated Judge Robert Zarnoch and the Honorable Judge J. F. Motz Judicial Orders, and because Judge John Paul Davey and A. Michael Chapdelaine, and Deborah Chasanow, all proceeded in actions where they lacked jurisdiction to hear the hearings that they held and to render the decisions that they made, and all of the adverse decisions serve as direct evidence of hate crimes due to

State and Federal Judicial officers use of the prestige of their positions to advance the interest of Tom Dore, et.al.

Case 1:16-cv-03256-JKB   Document 1   Filed 09/21/16   Page 2 of 11

## II. FACTS COMMON TO ALL COUNTS & CLAIMS

### III. FIRST CAUSE OF ACTION WITH FACTS COMMON TO ALL COUNTS
**Deprivation of Civil Rights: Aiding and Abetting Kidnapping and Human Trafficking of Victims of Sex Crimes (42 USC 1983) (28 USC 1443) (18 USC 242) (18 USC 1519 Sarbanes Oxley) and Rico Act. See (Paragraphs 7-15 the Plaintiff re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein)**

### IV. SECOND CAUSE OF ACTION WITH FACTS COMMON TO ALL COUNTS
**Deprivation of Plaintiff of Civil Rights: Right to Life, Liberty, Career and Property (42 USC 1985) (28 USC 1443) (42USC 1983) See (Paragraphs 7-15 the Plaintiff re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein)**

### V. THIRD CAUSE OF ACTION FACTS COMMON TO ALL COUNTS
**Deprivation of Civil Rights: Intentional Infliction of Emotional Distress of Minor Victims of Sex Crimes and Human Trafficking in violation of the Justice for Victims of Human Trafficking Act of 2015, 42 USC 1983 and the 14th Amendment Equal Protection Clause, and the RICO Act. See (Paragraphs 7-15 the Plaintiff re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein)**

### VI. FOURTH CAUSE OF ACTION
**Deprivation of Civil Rights: Harassment and Defamation of Victims and the Plaintiff (Protective Parent) of Kidnapping Victims; and Conspiracy Against the Civil Rights of Black Male Children victims, because of their Race and Gender in violation of 42 USC 1983, 28 USC 1443, RICO Act, Sarbanes Oxley 18 USC 1519. See (Paragraphs 7-15 the Plaintiff re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein)**

7. Plaintiff Starsha Sewell is a Maryland Resident, and a United States Citizen who is African American. Plaintiff is the Mother of the two sons whose civil rights have been deprived in the State AND Federal Court in violation of 28 USC 1443 and She is the Defendant in the State Custody Action, which was onset by a criminal action of the Plaintiff in the State Action (John Howard). This action further evolved as a matter of Human Trafficking, because the Prince Georges County Court and their Trustee's utilized the prestige of their positions to conceal the theft of Sewell's property and filed suit for a property, utilizing false robo-signed documents and Judge Chasanow conspired with these individuals to deprive Sewell of her rights to her children and her property, because they engaged in fraud on the court and criminal actions upon producing judicial orders that are judicial in nature, but are void and absent of all jurisdiction. Hence, their orders serves as direct evidence of hate crimes against the Plaintiff and her children; because Sewell challenged the State and Federal Courts concealment of Mortgage Fraud which was done utilizing the Maryland Mortgage Task Force, that has not legal or Presidential Authority to exist.

8. "Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (quoting Bradley, 80 U.S. (13 Wall.) at 351). As a result, a Judge's immunity from civil liability" is over-come in only two sets of circumstances. First a Judge is not immune from liability for non-judicial actions, i.e. actions not taken in the Judges judicial

capacity. Second a Judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction" Mireles, 502 U.S. at 11-12 (citations omitted)"

9. Judge Deborah Chasanow is DISQUALIFIED Under 28 U.S.C.455 and should be impeached from Federal Judgeship for utilizing the prestige of her position to advance the interest of Experian, Fidelity National Financial, Strayer University, Robert Silberman,and Tom Dore, et. al, Gerald Miles Jr. Judge Chasanow has continually utilized the prestige of her position to advance the interest of the State of Maryland Trustee's and Attorney General Stephanie Lewis bad actors at the Federal Bureau of Investigations, Washington and Baltimore Field offices, who are members of the Maryland Mortgage Task Force. Deborah Chasanow was biased and disqualified in all of Sewell's actions that were brought against the State of Maryland Trustee's who engaged in Fraud and Social Workers, because she receives a pension from the Maryland State Judiciary.

10. Judge Chasanow's is also racially biased towards minorities and she has a track record of advancing the interest of Experian, and Foreclosure Mills, such as Gerald Miles Jr. and Shannon Menapace. In every action, she has applied a discriminative pattern and practice of discrimination in every case that she heard despite the fact that she was requested to recuse herself on the basis of prejudicial bias under 28 USC 455. In every instance, she has proceeded disqualified with the sole intention of violating the Petitioners constitutional rights to due process and to also obstruct justice in violation of 18 U.S.C. § 1519 and 42 USC 1983. Deborah Chasanow was politely asked to recuse herself, because she is a conflict of interest whose financial disclosures confirms that she has a financial interest in the State of Maryland where she previously served as an Attorney General and compromised her obligations as a Federal Judge to advance the interest of her friend Shannon Menapace, Gerald Miles Jr., et al. Judge Chasanow receives financial compensation from the State of Maryland (Retirement Pension)., 2. Benefits from the Services of the State of Maryland Credit Union. 3. Owns stocks and bonds that are connected to the financial success of the State of Maryland.4. Habitually utilizes the prestige of her position to advance the interest of judicial families. (Financial Statements were disclosed via Judicial Watch).

11. Deborah Chassanow has "**name called**" the Plaintiff as she identified her as: Starsha "**Money**" Sewell. (See DKC 12-2402) Deborah Chasanow has failed to take her job seriously, and is temperamental and intentionally mistreats US Citizens in violation of the law, because she thinks that it is acceptable, and she is rarely held accountable; because her judicial peers, like the panel in this action supports her misbehavior. However, the US Constitution and Judicial Cannons that regulate judicial behavior does not. Judicial disqualification is a sound legal basis for recusal under 28 U.S.C. § 455. Furthermore, it is necessary in the best interest of Due Process. Judge Chassanow cited Buzzell vs. JP Morgan Chase Bank, Civ. Action No. 3:13-cv-668, 2014, in efforts to justify her racial discrimination and Judicial Biased. However, Buzzell vs. JP Morgan Chase Bank, Civ. Action No. 3:13-cv-668, 2015 (4th Cir Court of Appeals) Remanded and Vacated this action; Hence, the disqualified Judicial Panel should have granted the Petitioner in this action the same remedy; under the equal protection act of the law; specifically 42 USC 1981and the fourteenth amendment of the US Constitution.

12. Judge Chasanow has conspired with State officials and with Judges that serve in the MD State Judiciary, because she receives a pension from the Maryland State Judiciary. Judge Chasansow and the State Court Judges, specifically John Paul Davey awarded Custody of my children to John Howard, Sr.; in violation of an order issued by the Supreme Court of Maryland and without jurisdiction, because this matter was being heard by the Fourth Circuit Court of Appeals. Judge Davey proceeded and destroyed exhibits from the State Court record, with the sole intention of concealing fraud of staff workers at the Prince Georges County Department of Social Services.

13. Both Judge Deborah Chasanow and Judge John Paul Davey conspired against the Sewell and her minor children's First, Fifth, Ninth, and Fourteenth Amendment rights guaranteed to us by the Unites States Constitution (collective guaranteed rights). Judge Chasanow and her co-workers did not consider the

facts to the Petitioner case, because they had a vested interest in protecting State Officials. Judge Chasanow utilized the prestige of her position to obstruct justice, upon proceeding in matters while knowing that she was disqualified Under 28 U.S.C. § 455. In the matter of *Yates v. United States*, a case about a federal obstruction of justice statute, 18 U.S.C. § 1519, that was passed as part of the Sarbanes-Oxley legislation, which was originally intended to broaden federal white collar criminal laws after the Enron debacle. This particular provision of Sarbanes-Oxley makes it a crime when someone "knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object" with intent to impede, obstruct, or influence an investigation, and gives the crime a maximum penalty of 20 years.

14. Judge Deborah Chasanow conceal the fraud of State Judges, State Trustee's, and the Department of Social Services, and state officials in violation of supreme court precedent established in violation of ***Owen v. City of Independence***, 445 U.S. 622 (1980). Her and Fidelity National Financial actions has caused the State of Maryland and Florida to lead the Nation in illegal foreclosures; and has caused a financial deficit in the United States of America, all in the interest of "Greed and Public Corruption".

15. This action is brought pursuant to: 42 USC 1983, the RICO ACT, and is being invoked to redress Hate Crimes and Civil Right Deprivations under the RICO Act 42 USC 1983, and 28 USC 1443 civil rights action on the basis of race, because the Plaintiff in this action was the defendant in CAD-06-26267 which was removed from the PG County Circuit Court to protect the Plaintiff and her Minor children's civil rights; as Judge Davey held a hearing that he did not have jurisdiction to hear, because the action was pending at the Fourth Circuit Court of Appeals. Sewell removed the action from Judge Davey after Attorney John Hopkins advised Him that the Action was proceeding at the Fourth Circuit, who affirmed Judge Motz Remand order to the Court of Special Appeals one day after Judge Davey engaged in hate crimes towards the Plaintiff and her Minor Children; and Judge Chasanow conspired with Judge Davey to conceal the hate crimes in action 8:14-cv-02205. Sewell filed an emergency removal to protect her and her minor children civil rights. Judge Chasanow remanded Sewell to the State in violation of 28 USC 1443, 42 USC 1983, 18 USC 242, and with the sole intent to permit Judge Davey's Kidnapping and conspiracy against my children as an act of retaliation for challenging mortgage fraud of the State Court Judicial officers who permitted Universal Title, and Fidelity National Financial, and the Maryland Mortgage Task Force to defraud the United States Treasury with corrupt judicial officers; all who lacked jurisdiction and engaged in hate crimes against Sewell and her children, her career, and her property in violation of the 14th amendment.

The Defendant judicial activism has placed the Plaintiff and her minor children in imminent harmful and offensive contact, and they have suffered harmful offensive bodily contact, and have been removed from the Plaintiff's quality care for nearly three years. The Defendant knowingly and purposefully placed the Plaintiff and her minor children in danger, as she permitted the Plaintiff's children to be placed with their abuser, because she changed the Statue on Sewell's litigation from 28 USC 1443; an action where the Plaintiff deemed it necessary to invoke because the State Court permitted mortgage fraud of their trustees and lenders. The Defendant also utilized the prestige of her position to not only advance the interest of Tom Dore, et. al. However, sanctioned the Plaintiff in an attempt to conceal the Misprison Treason of the Maryland Mortgage Task force, Richard Mcfeely of the FBI and Rod Rosenstein crimes against the two Presidents of The United States of America: George W. Bush and President Barak Obama, whose Executive Order did not permit any of these bad actors to create the Task Force. Hence, the Task force and Judge Chasanow engaged in Misprision Treason under 18 USC 2382, 18 USC 1519 sarbanes Oxley concealment of fraud for Tom Dore, et.al, and Fidelity National Financial, whom the Plaintiff's mentions under the First Amendment.

<u>*Attorney Grievance Commission of Maryland v. Thomas Patrick Dore*,
Misc. Docket AG No. 35, September Term, 2012</u>

### *The Robo-Signing Scandal*

"For years, in foreclosure actions in Maryland, "courts, with good reason and really of necessity, have relied on the accuracy of affidavits, especially when filed by attorneys, unless there is something on the face of the document to suggest otherwise or the validity of the affidavit is challenged." Wilner, *supra* at 1. **This system of trust collapsed with the shocking discovery that in thousands, if not tens of thousands, of residential foreclosure actions, the affidavits filed with the courts were "bogus": "the affiant either did not have sufficient knowledge of the facts stated in the affidavit to validly attest to their accuracy or did not actually read or personally sign the affidavit."** *Id.* at 1, 2. This practice became known as "robo-signing"—the term that "describes mortgage servicers' response to the tremendous volume of mortgage defaults and foreclosures after 2007: assembly-line signing and notarizing of affidavits for foreclosure cases, mortgage assignments, note allonges and related documents, all filed in courts and deed recorders in counties across the United States." White, A., *supra* at 469–70.

The robo-signing scandal erupted after an attorney representing a homeowner in a foreclosure action discovered that the documents in the client's file were signed by someone with a title of "limited signing officer." David Streitfeld, *From a Maine House, a National Foreclosure Freeze*, N.Y. Times. Oct. 14, 2010, at A1, *available at* http://www.nytimes.com/2010/10/15/business/15mainc.html . At a deposition, this "limited signing officer" testified that, "as the team lead for the document execution team," his sole "role in the foreclosure process" was "the signing of documents." Oral Deposition of Jeffrey D. Stephan at 20:19-24, Fed. Nat'l Mortgage Ass'n v. Bradbury, No. BRI-RE-09-65 (D. Me. Jun. 7, 2010), *available at* http://graphics8.nytimes.com/packages/pdf/business/15mainestephandeposition.pdf.

**He signed 400 documents a day (10,000 a month), without any personal knowledge of the information contained therein, without reading them, and without a notary present.** *Id.* at 45–48, 53–56.
**The discovery of such practices at a national lending servicing company had a snowball effect.** Even more egregious practices were revealed. There were reports of "tens of thousands of mortgage documents contain[ing] suspect signatures, improper notarizations or [affidavits] signed without a review of the actual paperwork." Alcatra P. Williams, *Foreclosing Foreclosure: Escaping the Yawning Abyss of the Deep Mortgage and Housing Crisis*, 7 Nw. J.L. & Soc. Pol'y 455, 457 n.8 (2012). One author reported that, "[i]n Florida, the signature and name of 'Linda Green' has appeared on hundreds of thousands of mortgage assignments, with a corporate title of 'Vice President' of at least 14 different companies." Gregg H. Mosson, *Robosigning Foreclosures: How It Violates Law, Must Be Stopped, and Why Mortgage Law Reform Is Needed to Ensure the Certainty and Values of Real Property*, 40 W. St. U.L. Rev. 31, 38 (2012)". **(*Attorney Grievance Commission of Maryland v. Thomas Patrick Dore*, Misc. Docket AG No.35, September Term, 2012)**

Judge Chasanow is being sued for not only engaging in hate crimes against Sewell as she proceeded in the Matter of 8:14-cv-02205 –DKC; she is being sued for her malicious intent and use of the prestige of her positon to conceal mortgage fraud and to willfully deprive the Plaintiff of rights guaranteed to her by the 14th Amendment; as she violated the Plaintiff's civil rights with the intent to cause the Plaintiff's children to be kidnapped and to defame the Character and reputation of the Plaintiff, because she is a African American Scholar and Former Dean of Strayer University which is owned by the Deutsche Bank, who were extended kickbacks by Deborah Chasanow, because the Chairman of the Organization is the son of A Federal Judge. Judge Chasanow's actions are criminal and she is civilly liable for damages sought in this action, beause she lacked jurisdiction to hear this action and utilized the prestige of her position to advance the interest of White Male Judges in the State of Maryland Chapedelaine and Davey, who also lacked jurisdiction to hear actions that David Wanger filed before them while knowing that the matters were proceeding in the Court of Special Appeals, due to the orders of Judge Robert Zarnoch and J.F. Motz, and Thacker, Niemeyer, and Wilkinson. "Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (quoting Bradley, 80 U.S. (13 Wall.) at 351). As a result, a Judge's immunity from civil liability" is over-come in only two sets of circumstances. First a Judge is not immune from liability for non-judicial actions, i.e. actions not taken in the Judges judicial capacity. Second a Judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction" Mireles, 502 U.S. at 11-12 (citations omitted)" See **Exhibit 1**

FILED _____ ENTERED
LODGED _____ RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SEP 17 2012

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPU

STARSHA SEWELL           *

Plaintiff                *

v                        *        Civil Action No. JFM-12-2736

JOHN HOWARD, SR.         *

Defendant                *
                       * * *

## ORDER

The above-captioned case was removed to this court from the Court of Special Appeals of Maryland on September 13, 2012. ECF No. 1. The action concerns a child custody issue with both domestic and criminal case aspects. *Id.*[1]

Removal of this case is improper and it must be remanded. Under 28 U.S.C. § 1441(a), only actions "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). To the extent the underlying case concerns child custody or parental rights[2] issues, this court does not have original subject matter jurisdiction. *See Raftery v. Scott*, 756 F. 2d 335, 343 (4th Cir. 1985) (domestic relations exception to federal courts' jurisdiction based on idea that state has a stronger more direct interest); *Wasserman v. Wasserman*, 671 F. 2d 832 (4th Cir. 1982) (diversity jurisdiction does not include power to grant divorces, determine alimony or support obligations, or decide child

---

[1] *See also* http://casesearch.courts.state.md.us/Inquiry/inquirySearch.jis.

[2] Ms. Sewell's assertion of constitutional rights violations in the context of the underlying proceedings does not change the analysis.

custody rights). To the extent the underlying case concerns criminal matters, it is not subject to removal because 28 U.S.C. §1441 applies only to civil actions.

Accordingly, it is this 17th day of September, 2012, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Clerk SHALL AMEND the caption to indicate that Starsha Sewell is the plaintiff in this removal action;

2. Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 2) IS GRANTED;

3. The case IS REMANDED to the Court of Special Appeals of Maryland;

4. The Clerk SHALL TRANSMIT the record to the Clerk for the Court of Special Appeals of Maryland;

5. The Clerk SHALL PROVIDE a copy of this Order to plaintiff and defendant; and

6. The Clerk SHALL CLOSE this case.

/s/
J. Frederick Motz
United States District Judge

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1231

STARSHA SEWELL,

        Plaintiff - Appellant,

    v.

JOHN HOWARD, SR.,

        Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  J. Frederick Motz, Senior District Judge.  (8:12-cv-02736-JFM)

Submitted:  July 1, 2014              Decided:  July 15, 2014

Before WILKINSON, NIEMEYER, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Starsha Sewell, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Starsha Sewell appeals the district court's order denying her Fed. R. Civ. P. 60(b)(1) motion seeking relief from the district court's order remanding this action to the state court. We have reviewed the record and find that Sewell failed to make the showing necessary to obtain relief pursuant to Rule 60(b). See Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). Accordingly, the district court did not abuse its discretion, and we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

The Fourth Circuit exact same Judge's affirmed the Remand order of Judge Motz of Sewell's Action to the Court of Special Appeals dismissed Sewell's Appeal of Chasanow, because she lacked Jurisdiction to hear the case. See **Exhibit 2**

UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1766

JOHN HOWARD, SR.,

   Plaintiff - Appellee,

 v.

STARSHA SEWELL,

   Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge. (8:14-cv-02205-DKC)

Submitted: November 14, 2014   Decided: November 25, 2014

Before WILKINSON, NIEMEYER, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Starsha Sewell, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Starsha Sewell appeals the district court remanding this removed action to state court for lack of jurisdiction. An order remanding a case to state court is generally not reviewable on appeal or otherwise. 28 U.S.C. § 1447(d) (2012). The Supreme Court has limited the scope of § 1447(d), prohibiting appellate review of remand orders based on a defect in the removal procedure or lack of subject matter jurisdiction. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-12 (1996); see 28 U.S.C. § 1447(c) (2012). In this case, remand was based on lack of subject matter jurisdiction over a child custody dispute. Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

## PRAYER FOR RELIEF

Plaintiff, on behalf of herself and her children demand that a judgment be entered Ordering the Immediate Return of the Plaintiff's Children to the Plaintiff; and a subsequent judgment against the Defendant for compensatory damages and actual damages because of her demonstrative physical and emotional injury to the Plaintiff's minor children, and the defamation of character, slander, and libel that the Defendant has subjected the Plaintiff too. The Plaintiff seeks punitive damages because of the Defendants callous and reckless indifference and malicious acts, and an award in excess of $500,000,000.00 or 1,500,000,000.00 in trebled damages where appropriate, punitive damages, and such other relief that the court deem just and proper.

## JURY DEMAND

Plaintiff respectfully demand a jury trial on all issues so triable.

9/21/16

Date

Signature

STARSHA M. SEWELL, M.Ed., ProSe
P.O. Box 7073
CAPITOL HEIGHTS, MD 20791