IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STARSH SEWELL | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-16-3256 |
| DEBORAH K. CHASANOW | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM

The above-captioned case was filed on September 21, 2016, together with a motion to proceed in forma pauperis. Because she appears to be indigent, plaintiff's motion shall be granted. For the reasons set forth below, the complaint must be dismissed.

The complaint alleges that Judge Deborah K. Chasanow of this court engaged in "race based hate crimes" when plaintiff's prior civil complaints were dismissed. The convoluted narrative contained in the complaint spins a complicated web of alleged conspiracies which plaintiff blames for everything from foreclosure on her home to the loss of custody of her children. The theories of race and sex discrimination that underpin the widening conspiracy plaintiff claims is the cause of the problems she has suffered are now familiar to this court.[1] Plaintiff asserts in this case that "Judge Chasanow conspired with [the father of Plaintiff's children, Prince George's County Court and other parties] to deprive Sewell of her rights to her children and her property" by "producing judicial orders that are judicial in nature, but are void and absent of all jurisdiction." ECF 1 at p. 2.

---

[1] *See Sewell v. PG County Dept of Social Services*, Civil Action DKC-12-2402; *Sewell v. PG County Dept. of Social Services,* Civil Action No. DKC-12-2522; *Sewell v. Howard,* Civil Action No. JFM-12-2736; *Sewell v. Dore,* Civil Action No. AW-12-2889; *Howard v. Sewell,* Civil Action No. DKC-14-2205; *Sewell v. John Howard Sr.*, Civil Action PWG-15-1539; *Sewell v. Fidelity National Financial,* Civil Action PWG-15-3077; *Sewell v. Fidelity National Financing, Inc.,* Civil Action DKC-16-906.

This cause of action cannot be maintained because it is prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988). "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication. Nor are suits against judges the only available means through which litigants can protect themselves from the consequences of judicial error. Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side effects inevitably associated with exposing judges to personal liability." *Id*.

Additionally, plaintiff's assertion that Judge Chasanow is "disqualified" to be an Article III judge and should be impeached is not a matter this court has jurisdiction to consider. The complaint shall be dismissed by separate order which follows.


September 29, 2016                              _____/s/_____
Date                                            James K. Bredar
                                                United States District Judge